# CIRCUIT COURT OF THE CITY OF NORFOLK

FGPRS, L.L.C.

v.

Sean G. Johnson

August 28, 2014

Case No. (Civil) CL13-7651

BY JUDGE EVERETT A. MARTIN, JR.

There are two unresolved and related issues to decide in this case raised in the defendant's motion to set aside the verdict. First, did the defendant receive consideration for the increase in his rent? Second, if not, may the defendant now raise the want of consideration? I answer both questions in the negative.

At trial, the plaintiff introduced the defendant's lease. (The defendant did not acknowledge the document to be a lease and heaped scorn upon it throughout the trial, but the jury's verdict answered that question.) The plaintiff had a ten year lease at $500 per month beginning in February of 2003.

Mr. Powers testified the defendant's rent increased to $550 per month some time during the term of the lease. I found it curious a tenant would agree to an increase in his rent during the term of a written lease, so I became attentive to hear what he received for the increased rent. I do not recall hearing about the receipt of any consideration, and I am not persuaded by what Mr. Bander has written that the defendant obtained exclusive possession of some part of the building. Mr. Fournier may have so testified (I cannot recall), but I certainly do not recall any testimony that the defendant received exclusive possession of a portion of the building in exchange for the increased rent. Mr. Powers testified the rent increased because the expense of operating the building increased.

Nonetheless, I do not believe the defendant ought now be allowed to raise the defense of a partial want of consideration. The federal rules explicitly list want of consideration as an affirmative defense that must be pleaded. F.R.C.P. 8(c)(1). There is no such clarity in Virginia practice. A defense that bars the plaintiff from recovering *in toto* must generally be pleaded or it is waived, unless the issue it addresses was not disclosed by the plaintiff's

pleadings and only became apparent as the evidence was presented at trial. *New Dimensions v. Tarquini*, 286 Va. 28, 743 S.E.2d 267 (2013).

However, mitigation of damages, which only reduces the amount of the plaintiff's recovery, has also been held to be an affirmative defense, but it need not necessarily be pleaded. *Monahan v. Obici Medical Mgmt. Services*, 271 Va. 621, 628 S.E.2d 339 (2006).

In its bill of particulars filed in the General District Court, the plaintiff sought recovery under the written lease and an amendment to it increasing the rent. The defendant filed a grounds of defense that failed to raise a want of consideration for the amendment to the lease. As I understand, the trial in the General District Court took several hours. I assume counsel knew what evidence to expect in this Court. Thus it is unlikely the defendant first learned of the basis of the plaintiff's claim for an increase in rent during the trial in this Court, and the defendant has not so contended.

The case was received in this court in October of 2013 and trial was held last month. Several hearings occurred in this Court before the trial. Even considering the relative laxity in pleading that occurs in the General District Court, the defendant had ample opportunity to raise the defense here. He did not do so.

Had the defendant timely raised the defense, the plaintiff would have known what proof it had to adduce to recover the increased rent. There may have been such proof. (Even had the defense been raised by a motion to strike at the end of the plaintiff's evidence, and I do not know if that would have been timely, the plaintiff could have claimed surprise and asked to re-open its evidence.) However, to allow the defendant to first raise the defense after the jury has returned its verdict and been discharged would cause severe prejudice to the plaintiff.

I conclude that, under the facts and procedural history of this case, a partial want of consideration is an affirmative defense that must be pleaded or it is waived. I have entered a final order entering judgment on the jury's verdict.